IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Sherri Reed, | ) | Case No. 6:22-cv-02673-DCC-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Atrium Hospitality, LP; Atrium TRS III d/b/a Embassy Suites Golf Resort & Conference; Kyle Morrison, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's claims arising pursuant to diversity jurisdiction. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On August 19, 2022, Defendant Kyle Morrison filed a Motion to Dismiss. ECF No. 9. On August 23, 2022, this Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences for failing to respond adequately. ECF No. 13. Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Plaintiff did not respond.

On September 30, 2022, the Magistrate Judge issued an order directing Plaintiff to respond to the Motion to Dismiss by October 21, 2022. ECF No. 20. Plaintiff did not file a response. On October 27, 2022, the Magistrate Judge issued a Report

recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. ECF No. 25. The Magistrate Judge advised the Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. She did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of

the Magistrate Judge. Accordingly, Kyle Morrison is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(b).[1]

    IT IS SO ORDERED.

                                                s/ Donald C. Coggins, Jr.
                                                United States District Judge

December 15, 2022
Spartanburg, South Carolina

---

[1] The Motion to Dismiss [9] is found as **MOOT**.